UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DEWAYNE CARVER,

        Plaintiff,                        Case No. 1:14-cv-1070

v.                                        Honorable Gordon J. Quist

KALAMAZOO VALLEY COMMUNITY
COLLEGE,

        Defendant.
_____/

**OPINION**

        This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by a detainee at the Kalamazoo County Jail. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss the complaint if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Michael Dewayne Carver is being detained at the Kalamazoo County Jail as of the date that he filed his complaint. He sues Kalamazoo Valley Community College.[1]

In the complaint, Plaintiff alleges that staff at the college have discriminated against him. He was given a leave of absence from his studies at the college in November 2012, due to an unidentified "disability" and "health issues." (Compl. 3, docket #1.) When he tried to return in October 2013, an unidentified staff member at the college would not permit him to do so.

He further alleges that in 2014, he was subjected to "racial profiling" by the president and vice-president of the school, and in 2012 he was "bride" [sic] by the president. (*Id.*) He also states that his case involves "falsif[y]ing documents, racial profiling, abuse of authority to intimidate, [and] violation of school rules [and] procedures." (*Id.*)

As relief, Plaintiff seeks damages. He also seeks the appointment of counsel to assist him in preparing his case.

**Discussion**

I.   Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

---

[1] The Court assumes for purposes of this Opinion that Defendant is a state actor subject to suit under § 1983.

- 2 -

do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff's allegations are wholly conclusory. His assertion that he was discriminated against on account of his race or disability is unsupported by any allegations of fact. While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555. The Court need not accept Plaintiff's

"threadbare recitals of the elements of a cause of action" and "conclusory statements." *Iqbal*, 556 U.S. at 678.

Plaintiff asserts that he can provide names of the individual staff members involved at a later time, but even with the addition of names his skeletal allegations would be far from sufficient to state a plausible claim. Plaintiff also asserts that he does not have access to some of the relevant facts because he is in jail. In order for him to proceed in this action, however, he must comply with the basic rules of pleading a claim, which require "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8. He has not done so. While he alludes to various instances of misconduct, including racial profiling, falsification of documents, intimidation, and violation of school rules, he provides no factual details whatsoever about any of these incidents. Thus, his complaint is subject to dismissal for failure to state a claim.

Plaintiff also requests the appointment of counsel to assist him in preparing an amended, more detailed, complaint. Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604-05; *see Mallard v. U.S. Dist. Court*, 490 U.S. 296 (1989). Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606.

At this stage of the proceedings, it does not appear that Plaintiff is unable to prosecute the action without the help of counsel. He does not need the assistance of counsel to describe what

happened to him, and given that his allegations fall far short of stating a plausible claim, appointment of counsel is unwarranted. Accordingly, it will be denied.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that the Court will deny Plaintiff's request for appointment of counsel and his action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

An Order and Judgment consistent with this Opinion will be entered.


Dated:  November 13, 2014                             /s/ Gordon J. Quist
                                              GORDON J. QUIST
                                         UNITED STATES DISTRICT JUDGE